## IN RE: ESTATE OF MANN
### Case No. 90-175 CP M
Fifteenth Judicial Circuit, Palm Beach County

March 29, 1991

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

### *ORDER ON PETITION FOR CONSTRUCTION OF WILL*

This cause came before the court on the petition of Labrene P. Mann seeking construction of Article III, (M), of the Last Will and Testament of decedent. This court having reviewed the pleadings and the memoranda of law and fact, having taken parol testimony, having heard argument of counsel, and being otherwise fully advised in the premises, this court enters the following findings of fact and rulings on the petition:

1. The Last Will and Testament of decedent contains a latent ambiguity in Article III (M) permitting the taking of parol evidence. The provision states as follows:

"In consideration of the past and future care which will be given to

my daughter, Labrene P. Mann, I hereby give, devise and bequeath the entire rest, residue and remainder of my estate both real and personal property, to whatsoever character and wheresoever situated, belonging to me at the time of my decease or over which I have the power of distribution to the EMMAUS HOME INC. FOR RE-TARDED CHILDREN, St. Charles, Missouri, for its general purposes."

2. The latent ambiguity was revealed by testimony of long-time friends and neighbors of the decedent evidencing the testator mistakenly believed the Emmaus Home was responsible for the testator's daughter's care and her transfer to the facility where she has resided for the last eight years. Parol testimony further revealed the testator and his daughter Labrene were on good terms, corresponded regularly and he provided gifts and payment for various expenses for his daughter. Testimony was given the testator, upon executing his most recent will, stated that he had taken care of his daughter and she would not need anything.

3. Offered into evidence during these proceedings were the hand written notes of Manuel M. Mann which contained the directions and instructions given to the scribner of his last will and testament. Paragraph N of those instructions provides as follows:

I direct my personal representative to reserve a minimum of $10,000 to provide transportation and cost of funeral arrangements, to include a headstone, interment and other miscellaneous expenses that the Sandeman Funeral Home may deem necessary for the burial of my daughter Labrene P. Mann, *presently in the Emmaus Home,* St. Charles, Missouri 63303 (emphasis supplied).

4. Labrene P. Mann actually lived in a facility known as the "Community Living for the Handicapped, Inc." and had resided in that facility for almost eight years prior to her father's death. It is clear, based upon all the evidence, the testator's intent which is the guiding light in the resolution of this matter was to bestow his testamentary bounty upon the facility which was rendering care to his daughter. Although he was of the impression his daughter resided "presently in the Emmaus Home" she in fact was residing in the "Community Living for the Handicapped, Inc." facility and such institution is hereby ruled to be the recipient of his bounty as set forth in Article III (M) of the decedent's Last Will and Testament.

The Emmaus Home holds the property bequeathed by the testator in a constructive trust for the benefit of the "Community Living for the

128

Handicapped, Inc." for its general purposes. See, *In Re: Estate of Wood,* 226 SO.2d 46 (Fla. 2d DCA 1969) and *Scheurer v Tomberlin,* 240 SO.2d 172 (Fla. 1st DCA 1970). Accordingly, it is

ADJUDGED:

1. the petition for will construction of Labrene P. Mann is granted;

2. the Emmaus Home holds the property bequeathed in the residuary clause Article III (M) in a constructive trust for the benefit of the Community Living for the Handicapped, Inc.

ORDERED in Chambers, West Palm Beach, Palm Beach County, Florida, on March 29, 1991.